UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   For Online Publication Only
JOHN PATRICK HASSAN,

                                        Plaintiff,       **ORDER**
                                                              20-CV-03980 (JMA) (SIL)
       -against-

UNITED STATES FEDERAL DEPOSIT
INSURANCE CORP.,
DIME COMMUNITY BANK, and
DIME COMMUNITY BANCSHARES, INC.

                                        Defendants.
------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Plaintiff John Patrick Hassan, proceeding pro se, brings this action against the United States Federal Deposit Insurance Corporation ("FDIC"), Dime Community Bank, and Dime Community Bancshares, Inc. ("Dime" and collectively, "Defendants"), arising from a dispute regarding his attempts to withdraw or transfer the funds in his Dime accounts. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 7, 10.) For the following reasons, Defendants' motions are GRANTED and the complaint is DISMISSED.

                                      **I.    BACKGROUND**

**A.    Facts**

       The following facts are alleged in the complaint and are presumed true for the purposes of this motion, with all reasonable inferences drawn in Plaintiff's favor. Dane v. UnitedHealthcare Ins. Co., 974 F.3d 183, 188 (2d Cir. 2020).

       In or about 2018, Plaintiff opened a money market account with Dime, which offered a 1.25% interest rate. Plaintiff was required to show only his Social Security card for identification.

       In 2019, the interest rate on Plaintiff's money market account decreased to 0.1%. As a

result, on February 13, 2020, Plaintiff contacted Teachers Federal Credit Union ("TFCU") to explore alternatives. TFCU offered a 1.6% interest rate, so Plaintiff decided to transfer his funds—which amounted to more than $1 million (see ECF No. 12)—from Dime to TFCU. Plaintiff "provided all [his] identifications,"[1] paid a wire transfer fee to Dime, and signed a letter authorizing the transfer.

A few days later, however, TFCU informed Plaintiff that Dime had refused to transfer his funds. In subsequent communications with Dime employees, Plaintiff was told variously that: (i) he needed to be present at a Dime branch in order to complete the transfer; (ii) he should open an online account to complete the transfer; and (iii) he needed to sign other, unspecified documents.

TFCU employees spoke to Dime on Plaintiff's behalf—and even came to his home to photograph his identification to provide to Dime—but Dime continued to refuse to transfer his funds unless he provided proper identification or authorized the wire transfer in person at a Dime branch location.

**B.     Procedural History**

Plaintiff commenced this action on August 24, 2020. Dime and the FDIC subsequently filed pre-motion conference letters regarding proposed motions to dismiss under Rule 12(b)(6). (ECF Nos. 7, 10.) Following a pre-motion conference, the Court directed the parties to file a joint status report within 30 days. Soon after, Plaintiff reported that on April 28, 2021, he had traveled to a Dime branch, "produced all [his] photo IDs and Soc[ial] Sec[urity] cards [and] utility bills,"

---

[1]     Plaintiff reports that he provided the following forms of identification: a "veterans hospital patient photo ID," a "New York State MTA gate card," a Suffolk County Sherriff's "courtesy photo ID," a Suffolk County "disability photo ID card," a "real estate residential tax receipt," and "other utility bills." (Compl. at 2, ECF No. 1.)  He does not possess a driver's license or passport. (Id.)

2

and Dime allowed him to withdraw his funds in the form of cashier's checks.  Nevertheless, he insisted that the Court should "order Dime to pay [him] compensation for interest [he] would have earned . . . at TFCU," plus court costs and punitive damages.  (ECF No. 18.)  The Court construed Defendants' pre-motion letters as their motions to dismiss and gave the parties an opportunity to supplement their papers.  Plaintiff and the FDIC filed supplemental letter briefs.  (ECF Nos. 21, 22.)

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).  Pro se complaints "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  As a result, a pro se complaint must be construed "'liberally to raise the strongest arguments it suggests.'"  Darby v. Greenman, 14 F.4th 124, 127–28 (2d Cir. 2021) (quoting Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up)).  "'Nonetheless, a pro se complaint must state a plausible claim for relief.'"  Id. (quoting Walker, 717 F.3d at 124).  And despite the liberal construction afforded to pro se complaints, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations."  Hamilton v. Westchester Cty., 3 F.4th 86, 90–91 (2d Cir. 2021).

3

### III.   DISCUSSION

Plaintiff does not expressly assert any specific causes of action in his complaint.  He contends that the "FDIC is the principal regulator of Dime . . . and is charged/mandated to protect depositors and the elderly but they are complicit with [Dime] and corruption in the bank vs depositors and elderly [sic]."  (Compl. at 2.)  In light of his pro se status, however, the Court will consider his allegations—made in other filings in this case—that "the Bank Act (1933) and the Patriot Act of 2001 directly control FDIC and Dime," (ECF No. 12 at 3), and that the FDIC and Dime violated "[the] Bank Act [of] 1933 and CIP 2001 [sic]."  (ECF No. 13).  Additionally, on the civil cover sheet, Plaintiff listed the "cause of action" as arising under 12 U.S.C. § 1819(b)(2).  The Court also notes Plaintiff's allegations that Dime "is not free to seize deposits," and "has no judicial authority of eminent domain[] or any other constitutional authority[.]"  (ECF No. 12 at 3.)

The Court thus construes the complaint as raising federal statutory claims under (i) the Banking Act of 1933, Pub. L. No. 73–66, 48 Stat. 162 (1933) (the "Banking Act"), and Federal Deposit Insurance Act, Pub. L. No. 81–797, 64 Stat. 873 (1950) (the "FDIA"), as codified at 12 U.S.C. §§ 1811 et seq.; and (ii) the USA PATRIOT ACT of 2001, Pub. L. No. 107–56, 115 Stat. 272 (2001) (the "Patriot Act"), the Bank Secrecy Act, 31 U.S.C. §§ 5311 et seq. (the "BSA"), and 31 C.F.R. § 1020.220, which requires banks to implement a customer identification program ("CIP").  The Court also construes the complaint as raising constitutional claims against the FDIC, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and Dime, pursuant to 42 U.S.C. § 1983.  Despite this liberal construction afforded to the complaint, however, Plaintiff fails to state a plausible claim for relief.

First, the Banking Act and FDIA—aside from creating and governing the FDIC, see 12

4

U.S.C. § 1811(a)—bear no apparent relevance to the alleged conduct at issue in this case.  Even accepting as true Plaintiff's allegation that the FDIC is "complicit with [Dime] and corruption in the bank vs depositors and elderly," (Compl. at 2), Plaintiff offers no explanation of what the Banking Act and FDIA require or any non-conclusory assertion of how Defendants violated their provisions.  And even if Plaintiff had identified the applicable requirements and Defendants' purported violations, courts have repeatedly held that the Banking Act and FDIA do not provide a private right of action.  See Salt Lick Bancorp v. F.D.I.C., 187 F. App'x 428, 437 (6th Cir. 2006) (affirming dismissal of claim against FDIC where plaintiffs "identified nothing in the statute's language or legislative history indicating that Congress intended to create a private right of action"); see also Lozano v. Bank of Ozarks, No. 20-CV-932, 2021 WL 3077872, at *3 (M.D. Fla. July 21, 2021) (dismissing claim against bank because plaintiff failed to identify "any FDIA regulation that creates an express or implied private right of action"); Mehmood v. Citibank, N.A., No. 17-CV-02689, 2018 WL 1744593, at *2 (E.D. Cal. Apr. 11, 2018) ("Plaintiff's reliance on the FDIA appears to be misplaced, as 'the FDIA does not provide a private right of action for individuals who are allegedly harmed by an institution's non-compliance with that Act.'" (quoting Tidwell v. JPMorgan Chase Bank, N.A., No. 13-CV-2621, 2013 WL 5539414, at *8 (N.D. Cal. Oct. 8, 2013))).

Plaintiff's citation to 18 U.S.C. § 1819(b)(2) is equally unavailing.  Section 1819 merely provides that the FDIC can, among other things, "sue and be sued," and that federal courts have jurisdiction over such suits—it does not create a private right of action.  See Wark Enterprises LLC v. FDIC, No. 10-CV-5166, 2010 WL 11591400, at *5 (W.D. Wash. July 20, 2010) (rejecting plaintiffs' argument that section 1819 confers private right of action and dismissing claim).

Accordingly, because there is no private right of action under the Banking Act or FDIA, this claim must be dismissed.

Second, Plaintiff's claims under the Patriot Act, the BSA, and 31 C.F.R. § 1020.220 suffer from the same flaw: none provides a private right of action. See James v. Heritage Valley Fed. Credit Union, 197 F. App'x 102, 106 (3d Cir. 2006) ("[T]he Bank Secrecy Act . . . does not authorize a private cause of action against a financial institution or its employees."); AmSouth Bank v. Dale, 386 F.3d 763, 777 (6th Cir. 2004) ("[T]he Bank Secrecy Act does not create a private right of action."); Barber v. Unitus Cmty. Credit Union, No. 22-CV-00134, 2023 WL 34697, at *2 (D. Or. Jan. 3, 2023) (dismissing claim under the BSA and 31 C.F.R. § 1020.220 because "there is no private right of action under the BSA or its related regulations" (citation omitted)); Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A., No. 19-CV-02778, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) ("[C]ourts are unanimous in holding that there is no private right of action under the [BSA] or Patriot Act." (collecting cases)); Trudel v. SunTrust Bank, 223 F. Supp. 3d 71, 90–91 (D.D.C. 2016) (finding no private right of action under the Patriot Act or the BSA); In re Agape Litig., 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010) (noting that "the Bank Secrecy Act does not create a private right of action"); Hanninen v. Fedoravitch, 583 F. Supp. 2d 322, 326 (D. Conn. 2008) (dismissing claims under Patriot Act and BSA because "neither of these statutes appears to authorize a private right of action" (citations omitted)). Thus, these claims, too, must be dismissed.

Third, and finally, Plaintiff's constitutional claims also must be dismissed. To the extent that the complaint could be construed as asserting a Bivens claim against the FDIC, such a claim must be dismissed because Plaintiff cannot seek damages through a Bivens action against the FDIC. See FDIC v. Meyer, 510 U.S. 471, 486 (1994) (holding that Bivens actions seeking

6

damages cannot be brought against federal government agencies); see also Salt Lick Bancorp, 187 F. App'x at 435–36 (affirming dismissal of Bivens claim against FDIC alleging a deprivation of property without due process of law because "[u]nder Meyer, [plaintiffs] may not bring such a claim against the FDIC, a federal agency"); Hassan v. U.S. Dep't of Veterans Affs., 137 F. App'x 418, 420 (2d Cir. 2005) (affirming dismissal of Plaintiff's Bivens claim against federal agency). Any section 1983 claim against Dime must be dismissed because Plaintiff "'fail[s] to allege facts that, if established, would show that [Dime's conduct] was fairly attributable to the state.'" Scanni v. New York Life Ins. & Annuity Co., No. 21-CV-00180, 2023 WL 2710921, at *4 (E.D.N.Y. Mar. 30, 2023) (quoting Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 313 (2d Cir. 2003)). His allegation that Dime "is a public/private franchise directly and entirely regulated and controlled and supported" by the federal government is merely a legal conclusion which the Court need not credit. And in any event, the "'mere fact that a business is subject to state regulation does not by itself convert its action into that of the State,' even when 'the regulation is extensive and detailed.'" Id. at *3 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974)).

Accordingly, the complaint is dismissed for failure to state a claim.[2]

## IV. LEAVE TO AMEND

Plaintiff seeks leave to amend his complaint "to specifically includ[e] Jalena McWilliams," the former FDIC chairperson, along with other FDIC directors, as well as the "anonymous FDIC

---

[2] To the extent that any state law claims may be reasonably construed from the complaint, the Court notes that diversity jurisdiction does not exist because Plaintiff and Dime are both citizens of New York. Thus, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any such state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Accordingly, the Court declines to exercise supplemental jurisdiction over any such claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3).

official who made written decision [sic] to deny my request for assistance[.]"  (ECF No. 22.)

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted)).  Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Id. (internal quotation marks and citation omitted).

The Court has carefully considered whether Plaintiff should be granted leave to amend his complaint.  Because the defects in Plaintiff's claims against the FDIC and Dime are substantive and he has not alleged any facts suggesting that they could be cured, amendment would be futile.  Additionally, Plaintiff has not identified any law applicable to this case that confers a private right of action—nor does he suggest that such a private right of action in fact exists—and the Court is aware of no such cause of action.  Accordingly, the Court declines to grant leave to amend.

## V.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted and the complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6).  Leave to amend is denied.

The Clerk of Court is respectfully directed to enter judgment accordingly, mail a copy of this Order and the judgment to Plaintiff at his address of record, and close this case.

**SO ORDERED.**
Dated:  July 26, 2023
Central Islip, New York

                                        /s/   (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE